**UNITED STATES of America,
Plaintiff,**

v.

**Edward RANDLE, Defendant.**

**No. 72 CR 239.**

United States District Court,
N. D. Illinois, E. D.

Oct. 28, 1975.

James R. Thompson, U. S. Atty., A. T. LeCesne, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Edward Randle, pro se.

## MEMORANDUM OPINION

WILL, District Judge.

Petitioner, Edward Randle, was sentenced by this Court on May 31, 1972 to an eight-year term under 18 U.S.C. § 4208(a)(2) following his conviction under 21 U.S.C. § 841(a) on two counts of distributing narcotics. Earlier we dismissed, based on lack of jurisdiction, a petition for a writ of habeas corpus in which petitioner contended that he was entitled to parole, since he had served more than one-third of his sentence and had not received a meaningful parole hearing. Petitioner has now moved for reduction of his sentence.

The relevant facts are that on August 15, 1972, shortly after his arrival at the United States Penitentiary, Leavenworth, Kansas, petitioner was accorded a preliminary hearing regarding his eligibility for parole. At the conclusion of this perfunctory initial hearing, the Board determined that he was ineligible for parole and continued his case to August 14, 1975—more than three years after his admission to the penitentiary.

At the August 14, 1975 hearing, petitioner was denied parole and his case was continued to August 1976, notwithstanding that the Parole Board's own guidelines indicate a range of 32–38 months custody in petitioner's case.

In *Garafola v. Benson*, 505 F.2d 1212 (7th Cir. 1974), the Seventh Circuit held that the Parole Board's practice in § 4208(a)(2) cases of deferring meaningful consideration of parole to a date later than the one-third point in a prisoner's sentence was illegal and constituted a breach of its duty to give such consideration no later than the one-third date. The Court explained that the most important purpose underlying § 4208(a)(2) was to allow the Parole Board to parole a prisoner at a time earlier than one-third of the maximum sentence but not

to defer meaningful parole consideration beyond the date when it would be required to give it under a § 4208 straight sentence.

Petitioner bases his motion to reduce, notwithstanding that more than 120 days have elapsed since the sentencing date, on this Court's lack of awareness at the time of sentencing of the practices of the Board. In support of this contention, he cites two recent Second and Eighth Circuit decisions. *U. S. v. Slutsky*, 514 F.2d 1222 (2d Cir. 1975); *Kortness v. U. S.*, 514 F.2d 167 (8th Cir. 1975). In *Slutsky*, the prisoner timely moved for a reduction of sentence, which was denied by the District Court without a hearing. The Second Circuit vacated the sentence and remanded the case to the District Court for resentencing. The Court noted that ordinarily the disposition of a motion for reduction of sentence is in the sound discretion of the sentencing judge. This discretion, however, is subject to appellate relief where the sentence is a product of a mistake of fact.

In that case, the mistake consisted in the District Court's lack of awareness of the parole considerations which would be afforded the prisoner under § 4208(a)(2). The evidence indicated that the Board, pursuant to its regulations, systematically disregarded the early release possibilities of section 4208(a)(2) and that the judges of the Second Circuit were not aware of the parole guidelines used by the Parole Board until well after the prisoner's motion for reduction of sentence was denied. According to the parole guidelines, prisoners meeting the appellant's characteristics would be subject to a term of confinement ranging from 26 to 36 months. The Court noted that, under an (a)(2) sentence, the District Court must have been satisfied to have the Board release the appellant at some time less than 20 months (less than ⅓ of the 60 month sentence). In formulating a judge's view of § 4208(a)(2) prior to the publication of parole guidelines, the Second Circuit said:

> For the narrow purposes of this case, we need only determine whether the procedures are consistent with what we must assume were the reasonable expectations of the sentencing judge. We conclude that they are not. We, of course, have no way of recapturing the thoughts of the district judge when he imposed a 4208(a)(2) sentence. Our assumption must be based upon what our own perception of section 4208(a)(2) would have been in March 1973, when sentence was first imposed, and in July 1974, when the motion for reduction of sentence was denied. And reading section 4208(a)(2) in conjunction with section 4202, we would have expected that the Board of Parole give meaningful consideration to parole at some point before the one-third point in the sentence when the prisoner would have received it anyway.

The Eighth Circuit in *Kortness v. U. S., supra*, held that the sentencing court under the special circumstances of that case has "continuing authority" and jurisdiction under 18 U.S.C. § 4208(a)(2) to modify sentence at any time during the period of sentence imposed, if the Court concludes that its intentions have not been complied with by the Parole Board.

Kortness began serving his sentence at Sandstone on November 29, 1973. He applied for parole on January 25, 1974 and was given a hearing on March 19, 1974. A Board order on April 15, 1974, denied parole and held that no further consideration of parole would be made during his prison term. The Board's decision was based upon their paroling policy guidelines which set out the customary ranges of time to be served by federal prisoners with various combinations of offense severity and offender characteristics. These guidelines were published for the first time in the Federal Register on November 19, 1973, the same day appellant was sentenced. (28 C.F.R. § 2.52, 38 F.R. § 3192). Kortness got a High Severity rating with a salient factor of four (4). Guidelines indicated 26–32 months in such cases. [Guidelines, republished at 28 C.F.R. § 2.20, invalidated by D.C. Circuit. *Pickus v. U. S. Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d

1107 (1974). Board reissued its rules as emergency regulations under 5 U.S.C. § 553(b)(3)(B), 39 F.R. § 45223].

Using a point system, the guidelines weigh severity of offense, number of prior convictions, drug usage and employment record. Even though the guidelines were deemed discretionary, the record indicated that they were followed in an overwhelming number of cases.

While noting a prisoner's right under 28 U.S.C. § 2255 to attack a sentence apparently legal on its face, the Court emphasized that a judge must be aware of the policy used by the Parole Board in order to give a meaningful sentence under § 4208(a)(2). Otherwise, sentence would be imposed under the mistaken belief that the defendant would receive meaningful consideration during his § 4208(a)(2) term, rather than be required to serve the full term imposed, less good time. With this, the Eighth Circuit remanded the case to the sentencing judge to determine whether or not to reduce Kortness' sentence.

As pointed out by the Seventh Circuit in *Garafola*, the result of the Parole Board Guidelines is substantially to eliminate both the early parole consideration contemplated by § 4208(a)(2) and the parole consideration upon completion of one-third of the sentence if at that date the prisoner's incarceration has not been long enough to bring him within the guidelines range. In effect, the Parole Board has substituted its guidelines for the judgment of the sentencing judge as to the appropriate sentence for the particular defendant. As a consequence, the only way a judge can effectively exercise his sentencing responsibility and judgment is to impose a sentence which, less statutory good time, will result in the period of incarceration he deems appropriate and forget about the Parole Board and the possibility of parole.

*Slutsky, supra,* and *Kortness, supra,* suggest that the question of whether or not the sentencing judge has jurisdiction to reduce a prisoner's sentence turns upon whether or not he was aware of the Board's parole policy with respect to

(a)(2) prisoners at the time of sentencing. If not, under the *Kortness* rationale, the sentencing judge has "continuing authority" to modify the prisoner's sentence.

Inasmuch as, at the time of sentencing petitioner, May 31, 1972, the Parole Board's Guidelines and parole policy under § 4208(a)(2) had not been disclosed, if, indeed, they had been formulated, there was no way we could have been aware of them. Accordingly, petitioner's sentence is ordered reduced from eight years to five and one-half years which, less statutory good time, will enable petitioner, if he earns the maximum good time, to be released after slightly more than four years, the approximate maximum we contemplated he would serve.

An order consistent with the foregoing will enter.