**Eugene W. THOMPSON, Petitioner, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1026.**

United States Court of Appeals,
First Circuit.

June 10, 1976.

Eugene W. Thompson on brief pro se.

James N. Gabriel, U. S. Atty., and William A. Brown, Asst. U. S. Atty., Chief, Civ. Div., Boston, Mass., were on memorandum for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Petitioner, an inmate at the Federal Penitentiary in Leavenworth, Kansas, sought § 2255 relief from the sentencing court on the ground that, as applied in his case the new "Paroling policy guidelines" of the United States Board of Parole, 28 C.F.R. § 2.20, did not comply with the intent of the sentence imposed by the court. The court denied the petition and this appeal followed.

After trial by a jury petitioner was convicted in 1972 of distributing and conspiring to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1), 846 (1970). The trial court sentenced him to a prison term of ten years. We affirmed the conviction. *United States v. Thompson*, 481 F.2d 650 (1st Cir. 1973), *cert. denied*, 414 U.S. 1144, 94 S.Ct. 897, 39 L.Ed.2d 100 (1974). While that appeal was pending the trial court was informed by the Bureau of Prisons that the court had omitted inclusion of a "special parole term" required by statute. *See* 21 U.S.C. § 841(b)(1)(A) (1970). As a result the court, in petitioner's absence, amended the judgment to include a mandatory special parole term of three years. We vacated this judgment and remanded for resentencing on the ground that a defendant is entitled to be present when sentence is imposed. *Thompson v. United States*, 495 F.2d 1304 (1st Cir. 1974). On June 12, 1974, petitioner was sentenced to eight years in prison and a special parole term of three years. The court made the sentence subject to the provisions of 18 U.S.C. § 4208(a)(2) which permits a sentencing judge to "specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

In October, 1974 the Board of Parole provided petitioner with a hearing and, applying the calculus of its Guidelines, *see United States v. DiRusso*, 535 F.2d 673 (1st Cir. 1976); *Battle v. Norton*, 365 F.Supp. 925, 932–34 (D.Conn.1973), made a decision to defer any further review of petitioner's case until October, 1976 which would be in his 53rd month of incarceration.

Petitioner contends that these actions by the Board of Parole are inconsistent with and contrary to the intent of the sentencing judge. Specifically, he claims that when a judge sentences a prisoner under § 4208(a)(2) he ordinarily contemplates that the Parole Board will give "serious consideration" to the question of whether the prisoner should be paroled before the one-third point in his sentence, based on the Board's consideration of such factors as institutional performance and progress. *See e. g., Garafola v. Benson*, 505 F.2d 1212, 1217–19 (7th Cir. 1974); *Grasso v. Norton*, 371 F.Supp. 171, 174 (D.Conn.1974), *aff'd*, 520 F.2d 27 (2d Cir. 1975). He contends that the judge's expectations in his case essentially were ignored by the Parole Board's use of the Guidelines; he also urges that his initial parole hearing was not "meaningful" or "serious." *See Garafola v. Benson, supra* at 1219.

 The district court, after reviewing the Parole Board's action, rejected petitioner's claims. We do not reach the merits of this controversy, however, as we conclude that the sentencing court did not have jurisdiction. Petitioner's claims challenge the execution rather than the legality of his sentence. As noted earlier, a § 4208(a)(2) sentence provides for a prisoner's parole eligibility "at such time as the board of parole may determine." The Board's application of its Guidelines indisputably concerns the execution of sentence. As we have recently held, § 2255 does not grant jurisdiction over a post-conviction claim attacking the execution rather than the imposition or illegality of a sentence. *United States v. DiRusso, supra. See Lee v. United States*, 501 F.2d 494, 500 (8th Cir. 1974); *Robinson v. United States*, 474 F.2d 1085, 1091 (10th Cir. 1973); *Ridenour v. United States*, 446 F.2d 57 (9th Cir. 1971).[1] The proper vehicle for attacking the execution of sentence, including the application of the Parole Board's Guidelines, is 28 U.S.C. § 2241. Such a habeas corpus proceeding is properly brought before the district court

---

1. Petitioner also appears to contend that since his initial sentence was imposed prior to the time the Board of Parole began using the Guidelines, it was improper for this calculus to be applied to him retroactively. However, this claim likewise suffers from lack of an adequate jurisdictional basis. *See* discussion *supra*. The question of the applicability of the guidelines to prisoners previously sentenced appears to be a decision particularly within the sphere of the Parole Board. Moreover, we cannot see how application of the Guidelines to petitioner's case would involve inequitable results. *Cf. Grasso v. Norton*, 376 F.Supp. 116, 120 (D.Conn.1974), *aff'd*, 520 F.2d 27 (2d Cir. 1975).

with jurisdiction over a prisoner or his custodian. *See United States v. DiRusso, supra; Lee v. United States, supra* at 501. In this case neither the petitioner nor his custodian is within the District of Massachusetts.

Petitioner points to several cases where § 2255 has been utilized to challenge the parole-deferring impact of the Parole Board guidelines. *E. g., United States v. Mitchell,* No. 71 CR 7(2) (E.D.Mo. Nov. 30, 1975); *United States v. White,* No. FS–75–183–C (W.D.Ark. Dec. 22, 1975); *United States v. Randle,* 408 F.Supp. 5 (N.D.Ill.1975). In most of these cases, however, there was an independent jurisdictional basis apart from § 2255. *United States v. DiRusso, supra.* To the extent any cases might imply a contrary holding, *see id.* at n. 2, we do not view them as controlling.[2]

*The judgment of the district court is vacated and the case is remanded with instructions to dismiss the petition for lack of jurisdiction.*

---

**2.** Petitioner also attempts to raise on appeal an issue not presented to the district court in his § 2255 motion. Specifically, he contends that the district court's imposition at resentencing of the mandatory special parole term resulted in an aggregate sentence greater than that originally imposed, and that this result is a violation of the double jeopardy clause. While in certain circumstances we have considered issues not addressed to the court below, *see e. g., Thompson v. United States, supra,* in the instant case we already have considered petitioner's claim on this question and have rejected it. *Id.*