UNITED STATES of America,
Plaintiff-Appellant,

v.

Clarence E. BRAASCH et al.,
Defendants-Appellees.

UNITED STATES of America, Petitioner,

v.

Honorable Frank J. McGARR,
Respondent.

Nos. 76–1148, 76–1309.

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 1976.

Decided Oct. 4, 1976.

Patrick J. Glynn, Special Litigation Section, Crim. Div., Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for appellant.

Patrick A. Tuite, Kenneth N. Flaxman, David P. Schippers, George J. Cotsirilos, Chicago, Ill., for appellees.

Before SWYGERT, SPRECHER and WOOD, Circuit Judges.

SWYGERT, Circuit Judge.

The defendants-appellees, nineteen federal prisoners, were convicted and sentenced in the United States District Court for the Northern District of Illinois in 1973 by Judge Bauer, then of the United States District Court for the Northern District of Illinois. These convictions were affirmed by this court, *United States v. Braasch,* 505 F.2d 139 (7th Cir. 1974). Pursuant to Rule 41(b), Fed.R.App.P., the mandate of this court was stayed pending the outcome of petitions for certiorari to the United States Supreme Court. Certiorari was denied on April 14, 1975, and the mandate of this court issued May 19, 1975.

Between July 24 and July 28, 1975, all nineteen defendants-appellees filed motions to reduce their sentences pursuant to Rule 35, Fed.R.Crim.P. Judge McGarr, to whom the cases had been reassigned, denied seventeen of those motions on July 29, 1975 and the remaining two on September 4, 1975. Between August 26 and September 10, 1975, defendants-appellees filed new motions for reduction under Rule 35, Fed.R. Crim.P., which were granted on October 10, 1975 by Judge McGarr.

In his memorandum opinion and order, Judge McGarr stated that his reason for reducing the sentences was to conform the time which would actually be served by defendants-appellees more nearly to the expectations of Judge Bauer at the time of sentencing. Judge Bauer had expected that, barring institutional misconduct, each would be paroled after serving from one-third to one-half his sentence; however, between the imposition of the sentences and time the defendants-appellees began serving them, the United States Board of Parole adopted a set of parole policy guidelines, 28 C.F.R. § 2.20, which, when followed, would have significantly increased the length of time actually served by defendants-appellees before parole.

On December 5, 1975 the Government filed a motion to vacate the order of October 10 granting the sentence reductions on the ground that the 120-day time limitation for reduction of sentences under Rule 35, Fed.R.Crim.P., had expired on August 12, before the appellees had filed their second motions, and that therefore the district court had lost jurisdiction. This motion was denied on January 6, 1976 by the district court, *citing United States v. Randle,* 408 F.Supp. 5 (N.D.Ill.1975), which found jurisdiction for sentence modification after the 120-day time limit by treating the motion as one under 28 U.S.C. § 2255 as interpreted by *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975). On February 6, 1976 the Government filed its notice of appeal, and on March 25, 1976 the Government also filed a petition for writ of mandamus which, if granted, would direct Judge McGarr to vacate his order of October 10, 1975 and January 6, 1976. The appeal and mandamus petition were consolidated for briefing and oral argument in this court.

I

Rule 35 of the Federal Rules of Criminal Procedure permits reduction of sentence, "within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the

appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." The second series of Rule 35 motions were made subsequent to August 12, 1975, 120 days after the denial of certiorari. Therefore, according to the Government, the district court lacked jurisdiction to reduce the sentences. On the other hand, the motions were made prior to September 16, 1975, within the 120-day period after the issuance of the mandate by this court. Thus, as the defendants-appellees argue, the motions were timely if the period is determined with reference to this latter event.

Rule 35 is written in the alternative. It specifies three distinct and separate events from which the running of the 120-day period may be determined. In 1966 the Rule was amended to include the third alternative referring to denial of certiorari. The Notes of the Advisory Committee on the Rules explain that this part was added to "clarify ambiguities in the timing provisions." *

■ Rule 41 of the Federal Rules of Appellate Procedure provides that the mandate of the court of appeals will issue, as a matter of course, twenty-one days after the entry of the affirming judgment, unless stayed pending application for a writ of certiorari. In this circuit such a stay is not automatically granted. Circuit Rule 17 requires a showing of probable cause to believe that a petition for certiorari will not be frivolous. Otherwise, as is the usual case, the mandate will issue twenty-one days after the judgment is affirmed, before the petition has been ruled upon. In a case such as the one at bar, where the mandate has been stayed pending the petition for certiorari, the date of its issuance should be used to determine the running of the 120-day jurisdictional limit. Accordingly, the district court had jurisdiction to entertain and grant the second series of Rule 35 motions.

## II

■ The Government concedes that it is not authorized by the Criminal Appeals Act, 18 U.S.C. § 3731, to appeal if jurisdiction to grant the motions existed under Rule 35. Its only remedy was by way of mandamus, contending, as it does, that the district court lacked jurisdiction to entertain the second series of Rule 35 motions. Regardless of whether the Rule 35 motions were timely, we decline to grant the petition for writ of mandamus. The Government waited more than five months after entry of the order reducing the sentences before filing its petition. As we have noted, the Government first filed a motion to vacate the October 10 order on December 5, 1976. The motion was denied January 5, 1976. The Government then waited until February 6, 1976 to file its notice of appeal, and finally until March 25, 1976 to file its petition for a writ of mandamus.

The Government attempts to excuse this extraordinary delay by saying it chose to defer asking for mandamus until the district court "was given the opportunity to reconsider the timeliness of the Rule 35 motions." This proffered excuse does not at all explain the initial fifty-six day delay in filing the motion to vacate and, in any event, it has the appearance of an afterthought. This inexcusable delay along with other equitable considerations does not justify issuance of the writ. Support of our position is found in *United States v. Olds,* 426 F.2d 562 (3d Cir. 1970) (writ denied for untimeliness after three months delay in an analogous situation), and in *United States v. Carter,* 270 F.2d 521 (9th Cir. 1959) (writ denied after a four month delay where the Government sought to vacate orders suspending the imposition of sentence and granting probation).

## III

Rule 59(e) of the Federal Rules of Civil Procedure requires a motion to alter a judgment to be served within ten days after entry of the judgment. Enlargement of

---

* Notes of the Advisory Committee on the Rules, 39 F.R.D. 196 (1966).

the time for filing the motion is proscribed by Rule 6(b), Fed.R.Civ.P. Notwithstanding these limitations, the Government was successful in obtaining permission to file its motion to vacate the order reducing the sentences though the motion was made fifty-six days after entry of the challenged order. It was after the district judge had denied the motion and cited *United States v. Randle, supra,* as additional authority, that the Government appealed. On appeal the Government after contending the district court lacked jurisdiction to reduce the sentences under Rule 35, advances the alternative contention that since reliance was placed on *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975), through *Randle,* the judge transformed his decision from a Rule 35 sentence reduction to a section 2255 ruling. On this premise, the Government argues that *Kortness* was wrongly decided and that the decision should not be followed by this court. The defendants-appellees counterargue that the *Kortness* rationale was proper and should be applied to the instant case.

Thus, by filing an untimely motion to vacate the order for reduction of the sentences and obtaining a ruling which invokes a different procedural remedy, the Government has, in a sense, turned this case on its head. The section 2255 claim is a chimerical issue created as the result of the Government's belated motion. Rather than deciding that issue, we think the procedural aspects of this case should be resolved within the Rule 35 context where they resided until the Government filed its motion and secured a ruling from the district court.

The appeal is dismissed and the petition for writ of mandamus is denied.