**UNITED STATES of America**

v.

**George Bernard MORAN.**

**Crim. No. 83–00022 B.**

United States District Court,
D. Maine.

Jan. 29, 1985.

Richard S. Cohen, U.S. Atty., Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for plaintiff.

Daniel G. Lilley, Law Offices of Daniel G. Lilley, Portland, Me., for defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

**GENE CARTER, District Judge.**

Defendant has moved for reduction of his sentence of eight years incarceration, which was imposed by this Court on May 11, 1984. As grounds for the reduction, Defendant argues that he was sentenced under parole regulations not in effect at the time he committed the offenses and that such sentencing therefore violates the *ex post facto* prohibition expressed in Article I, Section 9, Clause 3 of the Constitution.

■ The Court declines to address the issue raised by Defendant. Sentencing in this matter was imposed under three statutes, 21 U.S.C. § 963, 21 U.S.C. § 846, and 26 U.S.C. § 7206(1). It was not imposed under parole regulations. Defendant argues that the Court relied on the alleged wrong regulations because they formed the basis for the recommendations and parole-release information contained in the presentence investigation report. The Court can say, in all candor, however, that in drug cases, the sentence imposed represents the number of years the Court, at the time of sentencing, thinks the Defendant should serve.[1] The sentence is not, therefore, invalid because the Court, in framing it, relied on allegedly *ex post facto* guidelines.

■ The Court, of course, is aware that in most cases defendants become eligible for parole after they have served one-third of their terms. The Court is further aware that the Parole Commission has developed an administrative system with comprehensive procedures and guidelines that govern the execution of any sentence imposed by the Court. Application of the guidelines is a purely administrative matter having to do with the execution rather than the imposition or illegality of the sentence. *Thompson v. United States*, 536 F.2d 459, 460 (1st

Cir.1976). As the sentencing court, this Court does not have jurisdiction to hear issues involving the application of the guidelines. *Id.* Defendant should address such questions through appropriate administrative channels.

Defendant also argues that because of application of the new guidelines he was wrongly placed in category six, and that the Court mistakenly viewed him as having a managerial role in the offense. Although it is true that the Court seriously considered the role of Defendant in determining the appropriate sentence for him, it did not rely for its evaluation on *the category of severity assigned the offense in the presentence report.* The Court was thoroughly familiar with the activities of the various co-conspirators from the lengthy descriptions of the offenses provided in the presentence investigation reports. Although Defendant complains that he was mistakenly characterized as master of the boat, the Court must say that it was not that characterization, but rather the total picture of Defendant's activities set forth in the presentence report, that formed the basis for the sentence. If Defendant thinks that his parole eligibility has been prejudiced by mischaracterization of his role in the offense, that issue, too, should be raised through the appropriate administrative channels.

The Defendant's reliance upon *United States ex rel. Foreman v. McCall, Chairman, United States Parole Commission*, Civil No. 81–0553 (M.D.Pa., Sept. 14, 1984) fails to consider the procedural and jurisdictional niceties exemplified in that case. The case is to be distinguished from the present matter because it was instituted as a *habeas* attack upon *the Parole Commission's application* of eligibility guidelines. Thus, the procedural basis of the action is in accord with the controlling law of this circuit. *See, Thompson v. United States*, 536 F.2d 459, 1st Cir.1976). The facts of

---

1. Defendant's argument concerning the Court's reliance on the new, higher guidelines is at cross purposes to his expressed desire to have his sentence reduced. Assuming that the Court imposed an eight-year sentence relying, as Defendant suggests, on the expectation that a de-

fendant would only serve forty months, presumably a higher sentence would have been imposed if the Court thought that the eight years would only result in the twenty-five months incarceration that Defendant suggests is appropriate under the superseded guidelines.

the *McCall* case demonstrate the reason for the First Circuit jurisdictional rule. There the Chairman of the Parole Commission, in his official capacity, was the named party defendant. Thus, the party complained against, the Parole Commission, was afforded direct party status which would permit it the opportunity to defend *its* action, which was, after all, the object of the challenge there made, as it is here. The beneficial effect of such direct party status of the Commission is not available in a proceeding under Rule 35.

Since the Commission's actions are the basis of the Defendant's contention, the appropriate relief is to require it to redress the resulting illegality if it has in fact acted inappropriately. That may not be achieved here under Rule 35 where the Court's only power is to reduce the sentence. Such action does not directly correct, but rather sidesteps, the act that is the source of the complaint. Because the challenge in the *McCall* case was raised in *habeas* proceedings to which the Commission was a party, the Court could, and did, remand to the Commission "to reconsider its determination and to compute the Petitioner's appropriate release date in compliance with the guidelines in effect in 1974." *McCall, supra,* Order of September 14, 1984, at ¶ 1. In a *habeas* proceeding, the actual wrong may be appropriately and fully addressed in an adversary procedure in which the evidence underlying the Commission's action may be produced and evaluated, and direct and effective relief granted by the Court. There is a clear therapeutic advantage achieved by directly addressing the alleged wrongful act that cannot be achieved under Rule 35.

Finally, Defendant seeks to have his sentence reimposed under 18 U.S.C. § 4205(b)(2) in order that he might be released on parole at such time as the Commission may determine. Defendant seeks this redesignation, which might make him eligible for parole earlier than the time prescribed by the guidelines, because of the family hardship caused by his incarceration. The Court made due allowance, in originally settling upon the sentence, for the repentant attitude of the Defendant, expressed in the submissions to the Court by counsel and also documented by the Defendant's own statements and the submissions of members of his large and supportive family. The Court took the hardship upon Defendant's family into account in imposing its initial sentence, realizing that the post-sentence situation would presumably involve the birth of the Defendant's fourth child. The Court fully considered when it framed the original sentence all of the circumstances now pointed to by Defendant and by his counsel as justifying a reduction of sentence.

Accordingly, it is ORDERED that Defendant's Motion for Reduction of Sentence be, and is hereby, DENIED.

So ORDERED.