Davis v. USA                    CV-96-107-M    07/15/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Lester A. Davis, Jr.,
    Petitioner

v.                                                    Civil No. 96-107-M

United States of America,
    Respondent


O R D E R


Petitioner, Lester Davis, Jr., moves the court to issue a writ of mandamus, compelling the United States Parole Commission to grant him a hearing on his claims that he is improperly imprisoned for having allegedly violated a condition of his special parole. He is currently in the custody of the United States Bureau of Prisons at FPC Allenwood, in White Deer, Pennsylvania.

When he filed his petition, Davis was serving two concurrent state sentences at the New Hampshire State Prison. His pleadings suggest that the underlying crimes of conviction were committed in January, 1993, while he was on special parole (following his conviction in this court and subsequent incarceration for possession of a controlled substance). Accordingly, the United

States Parole Commission issued an arrest warrant and detainer on June 10, 1993. After serving his state sentence, Davis was transferred to federal custody under that detainer.

Davis challenges the validity of both the federal detainer and his current incarceration. He seems to claim that when the alleged violation of his special parole occurred (a state conviction for being a felon in possession of a firearm), his term of special parole (if properly reduced for credited "good time") had expired. Therefore, he argues that he never violated the terms of his special parole and, upon completing his state sentence, he should have been released. He says that despite repeated requests, the Parole Commission has refused to give him a hearing on his claims.

Because the facts underlying Davis's claims are unclear from the record, it is difficult to determine whether his petition is properly brought under 28 U.S.C. § 2241 (writ of habeas corpus) or 28 U.S.C. § 2255 (motion to vacate, set aside, or correct a sentence). Fairly read, however, Davis's pleadings challenge the very basis of the government's authority to detain him.

Essentially, he seems to suggest that he is being held despite the lack of any valid sentence which would support his detention.

Accordingly, the court will treat his petition as one for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the allegedly improper revocation of his special parole. See, e.g., Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (challenge to actions of Parole Commission are cognizable under § 2241, not § 2255.), cert. denied, 499 U.S. 940 (1991); Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985) (challenge to actions of Parole Commission are properly brought pursuant to § 2241; such challenges may not be brought pursuant to § 2255.); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) ("The proper vehicle for attacking the execution of a sentence, including the application of the Parole Board's Guidelines, is 28 U.S.C. § 2241."). See also 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings, Rule 1 Advisory Committee Notes ("The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations."). Of course, habeas corpus is an appropriate remedy

3

only if Davis can demonstrate that the Parole Commission's delay in giving him a hearing was both unreasonable and prejudicial. Wasylak v. Thornberg, 744 F. Supp. 387, 389 n.4 (D.N.H. 1990).

Having construed Davis's petition as one seeking relief under 28 U.S.C. § 2241, the court is constrained to hold that it lacks jurisdiction to rule upon that petition. "[F]or purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal facility, the warden of that facility is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-2243." Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986). Because neither Davis nor his custodian is located within this district, the court lacks jurisdiction over his petition. United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987) ("a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located."); Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979) ("The writ of habeas corpus acts upon the person holding the petitioner in what is alleged to be the unlawful custody. Jurisdiction of a petition for writ of habeas corpus under 28 U.S.C. § 2241, therefore, lies either in the district of physical confinement or in the district in which a

4

custodian against whom the petition is directed is present."); Thompson, 536 F.2d at 460 ("a [§ 2241] habeas corpus proceeding is properly brought before the district court with jurisdiction over a prisoner or his custodian.").

"While this rule may seem somewhat wooden, it is a jurisdictional principal which [the court] cannot ignore." United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976). Nevertheless, rather than dismiss Davis's petition the court will, in the interests of justice, transfer his petition to the United States District Court for the Eastern District of Pennsylvania. United States ex rel. Ayala v. Tubman, 366 F. Supp. 1268 (E.D.N.Y. 1973). See 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

## Conclusion

Based upon a fair reading of Davis's "Petition for Writ of Mandamus" (document no. 1), the court finds that petitioner is actually seeking habeas corpus relief under 28 U.S.C. § 2241. But, because neither Davis nor his custodian is within the jurisdictional reach of the court, the court lacks authority to review the merits of his claims.

5

However, in the interests of justice, the court orders Davis's petition transferred to the United States District Court for the Middle District of Pennsylvania for further proceedings including, if appropriate, service of Davis's pleadings upon the United States Attorney, the Warden of FPC Allenwood, and/or the United States Parole Commission.  The Clerk of the Court is instructed to close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

July 15, 1996

cc:  Lester A. Davis, Jr.