NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re INARI AGRICULTURE, INC.,**
*Petitioner*

---

2025-150

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. PGR2024-00019.

---

**ON PETITION**

---

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Inari Agriculture, Inc. petitioned for post-grant review ("PGR") of Pioneer Hi-Bred International, Inc.'s plant patent. On September 24, 2024, the United States Patent and Trademark Office's Patent Trial and Appeal Board declined to institute review, concluding that Inari had failed to sufficiently demonstrate that any of the challenged claims were likely to be found unpatentable. On October 24, 2024, Inari sought Director review of that decision, which was denied on January 10, 2025. Nearly nine months later, Inari filed this petition seeking mandamus review.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for such relief, a petitioner must: (1) show that he has a clear and indisputable right to relief; (2) show he does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

Inari's petition raises only constitutional challenges that it did not directly raise before the Patent Office.[1] "It is well-established that a party generally may not challenge an agency decision on a basis that was not presented to the agency." *In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008). Although this court has discretion to reach an issue raised for the first time, *see id.* at 1379, we cannot say it would be appropriate to do so here, particularly given the significant inexcusable delay in filing this petition, *see*

---

[1]    Inari does not dispute that it failed to argue to the Board or the Director that the PGR denial violated the Constitution. Rather, Inari contends it "indisputably identified the same problems with the Board's decision" as it does in its mandamus petition. ECF No. 19 at 19. But it did so as arguments raising "an important question of law and patent policy," not allegations of constitutional infirmity. *See* Appx562–70 (arguing the Board's determination applies "an impermissible § 103 standard unique to plant utility patents by wrongly presuming patentability" and "wrongly deters competition by forcing prospective challengers to risk infringement liability"); *see also id.* at 558–60 (discussing reduction in competition in seed markets; reducing the quality of the patent examination process for agricultural products; and contradiction of the United States Department of Agriculture's recommendation regarding invention disclosure and availability of deposits to the public).

*United States v. Braasch*, 542 F.2d 442, 444 (7th Cir. 1976) (citing cases denying mandamus based on filing delay); *see also Chapman v. Cnty. of Douglas*, 107 U.S. 348, 355 (1883) ("The writ may well be refused when the relator has slept upon his rights for an unreasonable time[.]").

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 8, 2025
Date