**UNITED STATES of America, Appellee,**

v.

**PONCE FEDERAL BANK, F.S.B.,**
**Defendant, Appellant.**

No. 89–1246.

United States Court of Appeals,
First Circuit.

Argued July 31, 1989.

Decided Aug. 17, 1989.

Edwin Quinones, with whom Emily R. Rivas was on brief for defendant, appellant.

* of the District of Massachusetts, sitting by designation.

S. Terry Schubert, Trial Atty., Dept. of Justice, with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., and Guillermo Gil and Everett M. deJesus, Hato Rey, P.R., Asst. U.S. Attys., were on brief for the United States.

Before BOWNES and SELYA, Circuit Judges, and HARRINGTON,* District Judge.

PER CURIAM.

We have reviewed the parties' briefs and the record in this case, and have listened attentively to the oral arguments. The case is not complex. Following a charge bargain and plea agreement, the latter containing a nonbinding sentencing recommendation, Fed.R.Crim.P. 11(e)(1)(B), defendant-appellant Ponce Federal Bank waived indictment and agreed to the filing of a 5–count criminal information charging the bank with a pattern of currency reporting crimes in violation of 31 U.S.C. §§ 5313, 5322(b). The waiver of indictment occurred on Friday, February 10, 1989. On the following Monday, February 13, defendant pled guilty and counsel asked the court to impose sentence immediately, without waiting for a presentence investigation report.[1] The judge acquiesced.

Following allocution, the district court disregarded the prosecutor's recommendation (part of the plea contract, *see ante*) that the bank be fined $1,500,000 ($300,000 per count). Instead, the court imposed the maximum fine, $2,500,000 ($500,000 per count). In so doing, the judge read a prepared statement into the record, explaining his reasons. Defendant appeals, contending that "the sentencing court utilized extraneous and speculative factors not relevant to Appellant's conduct," Appellant's Brief at 2, and thus abused its discretion. We do not agree.

The district court put the bank squarely on notice—not once, but several times—that, by pleading guilty, it was exposed to fines aggregating $2,500,000.

---

1. The request was possible because the conduct charged in the information antedated the effective date of the Sentencing Guidelines.

**2**

The plea agreement said the same. The consequent guilty plea was knowing, voluntary, and ably counseled. That the sentence imposed was harsher than the prosecutor had recommended, and stiffer than defendant had hoped, is of no legal consequence in this appeal.

To be sure, the judge's comments were pointed. But, judges have a perfect right to speak their minds, "decid[ing] what factors, or mix of factors, carry the day." *United States v. Foss*, 501 F.2d 522, 528 (1st Cir.1974). So long as the factors considered are reasonably appropriate—and that is the case here—a judge need not use diplomatic language nor soft-pedal his conclusions. Nor can a judge's employment of a prepared statement, without more, undermine the validity of an otherwise-lawful sentence. *See Palmes v. Wainwright*, 725 F.2d 1511, 1523 (11th Cir.), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984) (upholding judge's use of pre-allocution prepared statement in death penalty case). Rather than engaging in the conjecture that appellant invites as to the prepared statement, we think our proper role is only to scrutinize the procedure utilized and the sentence imposed. *Accord Palmes, supra*. In this case, the procedure, the substance of the judge's remarks, and the resultant sentence pass muster.

We need go no further. As a general rule, an appellate court may not tamper with a sentence which, like this one, is within legal limits. *Dorszynski v. United States*, 418 U.S. 424, 440–41, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855 (1974); *United States v. Jimenez–Rivera*, 842 F.2d 545, 548 (1st Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 2882, 101 L.Ed.2d 917 (1988). There is, of course, a narrow band of exceptions. *See Jimenez–Rivera*, 842 F.2d at 548; *United States v. Wardlaw*, 576 F.2d 932, 938 (1st Cir.1978); *Foss*, 501 F.2d at 527–29. We have combed this record and carefully considered the rationale of the court below in explaining the sentence. We find the court's reasons unexceptionable. The case, therefore, falls within the broad contours of the rule, not within the slender margins of the exception.

*Affirmed.*