UNITED STATES of America, Appellee,

v.

Ronald H. GLANTZ and Anthony J. Bucci, Defendants, Appellants.

No. 88-2233.

United States Court of Appeals, First Circuit.

Heard June 7, 1989.

Decided Sept. 7, 1989.

---

Robert B. Mann, Providence, R.I., for defendant, appellant Ronald H. Glantz.

Anthony J. Bucci, Jr., Providence, R.I., for defendant, appellant Anthony J. Bucci, Sr.

Geoffrey R. Brigham, Dept. of Justice, Washington, D.C., with whom Lincoln C. Almond, U.S. Atty., and Anthony C. DiGi-

oia, Asst. U.S. Atty., Providence, R.I., were on brief for the U.S.

Before CAMPBELL, Chief Judge, REINHARDT * and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

The defendants appeal the denial of their motions for a new trial, for reduction of their sentences, and for redesignation of their severity factors for parole purposes.

We only outline the facts and procedural history of this case because this is the third time it has come before us. Bucci and Glantz were charged in a 1985 indictment with having extorted $77,350 from James Notarantonio through a kickback scheme involving Notarantonio's lease of garbage trucks to the city of Providence, Rhode Island. During the period in question, Glantz was the city solicitor of Providence, and Bucci was an attorney in private practice. After a three week jury trial in March and April of 1986, both defendants were convicted of conspiracy to commit extortion (count 1) and extortion (count 2). In addition, Bucci was convicted of conspiracy to defraud the United States (count 3), and aiding in the presentation of false documents to the IRS (counts 4 and 5). The district court, however, ordered a new trial on the basis of improprieties in the prosecutor's closing and rebuttal arguments. The government appealed that order. This court reversed, reinstated the jury's verdict, and remanded for further proceedings. *See United States v. Glantz*, 810 F.2d 316 (1st Cir.), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987).

On remand, the district court imposed the following sentences: Glantz received concurrent sentences of eight years on counts 1 and 2, and a $10,000 fine on each of those counts. Bucci received the same punishment as Glantz on counts 1 and 2. In addition, he was sentenced to concurrent sentences of five, three and three years,

respectively, on counts 3–5, to be served concurrently with the sentences on counts 1 and 2. The defendants appealed their convictions (on different grounds) and their sentences. This court affirmed the convictions but remanded the case and ordered the district court to indicate whether it had relied on alleged inaccuracies in the presentence report during sentencing. *See United States v. Bucci*, 839 F.2d 825 (1st Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988). On remand, the district court stated that it had not.

Defendants, who are now incarcerated, then filed the instant motions for a new trial based on newly discovered evidence, for reduction of their sentences, and for redesignation of their severity category under the parole guidelines. The district court held a hearing and subsequently denied all three motions.

### *The Motion for a New Trial* [1]

The key issue in the case was whether the payments made by Notarantonio were kickbacks or legal fees. The government's key witness on this issue was Notarantonio himself. The defendants claim that they are entitled to a new trial because they have discovered new evidence that undercuts Notarantonio's testimony and therefore helps refute the argument that the payments in question were kickbacks.

The first piece of new evidence the defendants point to is a June 1987 Tax Court petition filed by Notarantonio claiming that the payments in question could be deducted on his tax return because they represented legal fees. The defendants claim that this amounts to a recantation of his trial testimony. The tax deficiency in dispute was ultimately settled, and the government, which had initially assessed fraud penalties, agreed to waive them. The defendants allege that this waiver is significant because it indicates either that the government concedes that the payments were le-

---

* Of the Ninth Circuit, sitting by designation.

[1]. The motion was actually titled "Motion for petition for writ of habeas corpus/motion for new trial," but was treated by the district court, without objection from the defendants, as a motion for a new trial under Fed.R.Crim.P. 33. For purposes of review, we accept this characterization of the motion. *See Pelegrina v. United States*, 601 F.2d 18, 19 & n. 2 (1st Cir.1979).

gitimate legal fees or that the government is "compensating" Notarantonio for his testimony.

Even the defendants admit that the other pieces of newly discovered evidence serve only to impeach Notarantonio. They point to various items of correspondence which they claim prove that Notarantonio testified as he did because he expected to get some favors in return from the federal government (the most important of which seems to be noncollection of civil judgments against Notarantonio and his company) and because he had a vested interest in prevailing against the City of Providence (he had assigned his contract rights against the City to the federal government in satisfaction of other liabilities he owed to the latter) and thus had an incentive to discredit Glantz, the City Solicitor.

A petition for a new trial based on newly discovered evidence will not be granted unless the defendant demonstrates that (1) the evidence was unknown or unavailable at the time of trial; (2) the failure to obtain the evidence was not due to a lack of diligence by the defendant; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence will probably result in an acquittal of the defendant upon retrial. *United States v. Wright*, 625 F.2d 1017, 1019 (1st Cir.1980). When considering such a petition, the district court has considerable latitude in weighing the evidence and assessing the credibility of witnesses who testified at trial and those whose testimony constitutes "new" evidence. We will not overturn the district court's factual findings unless they are without any support in the record, and its decision to deny a new trial will be affirmed unless the court has "manifestly abused" its discretion. *Id.*

The district court rejected the new trial motion because the defendants "had squeezed the lemon dry." App. at 24. It rejected the contention that Notarantonio's Tax Court petition amounted to a recanta-

tion of his trial testimony. The court pointed out that Notarantonio had subsequently filed an affidavit reaffirming his trial testimony, and that Notarantonio had "consistently [and] uncompromisingly" contended that the payments were kickbacks. App. at 25. At best, the Tax Court petition, like all the other newly discovered evidence, represented material that could be used to impeach Notarantonio. Because Notarantonio's testimony had been attacked "in no uncertain way[ ] in all directions by defense counsel," the district court concluded that the newly discovered evidence was "rather immaterial," and denied the motion for a new trial. App. at 27.

The district court did not abuse its discretion in concluding that the new evidence did not satisfy the third prong of the *Wright* test. First, we concur in its conclusion that the Tax Court petition was at best impeachment evidence. Even if we were to assume that the petition was a recantation, it was subsequently repudiated by Notarantonio in an affidavit. A repudiated recantation is not substantive evidence, and can be used at a new trial only to cross-examine the witness.[2] *See Lindsey v. United States*, 368 F.2d 633, 636 (9th Cir.1966), *cert. denied*, 386 U.S. 1025, 87 S.Ct. 1383, 18 L.Ed.2d 465 (1967); 8A *Moore's Federal Practice* ¶ 33.04[2], at 33–34. Second, the defendants have not convinced us that the district court abused its discretion in determining that all the newly discovered impeachment evidence, including the tax court petition, was merely cumulative. The defendants comprehensively attacked Notarantonio's credibility at the trial. They repeatedly argued that he had an agreement with the government, and that he was hoping to be treated leniently in exchange for cooperating with the prosecution. The jury was not persuaded. Our system of criminal justice would be thrown into chaos if defendants had an unlimited number of opportunities to attack the credibility of the prosecution's witnesses. The defendants seek another crack at Notarantonio, but they simply have not explained

---

**2.** The defendants argue that the repudiation should be entirely discounted. This argument adds nothing, because regardless of the repudia-

tion's credibility, a repudiated recantation is still impeachment evidence.

why the district court was incorrect in holding that the new evidence merely supplemented evidence and arguments previously presented to and rejected by the jury. *See United States v. Previte,* 648 F.2d 73, 85 (1st Cir.1981); *see also Wright,* 625 F.2d at 1020 (affirming denial of new trial motion on the ground, *inter alia,* that the new evidence amounted to "a fourth attempt to impeach a witness whose credibility was called into question by the testimony of three other witnesses"). The evidence newly discovered by the defendants is "not the straw that would have broken the camel's back; it was just more chaff to scatter in the wind." *United States v. Martorano,* 663 F.2d 1113, 1119 (1st Cir.1981), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1249, 75 L.Ed.2d 479 (1983).

The order denying the motion for a new trial is *affirmed.*

### *The Motion to Reduce Sentence*

The defendants argue that their sentences are excessive, disproportionate, unfair, and violate the Eighth Amendment and two statutory provisions. They also argue that the district court erred in refusing to remit their fines.

■ The sentencing judge is vested with "commodious" discretion when considering motions to reduce sentence under Fed.R.Crim.P. 35(b). *United States v. Twomey,* 845 F.2d 1132, 1134 (1st Cir.1988). His decision will not be overturned absent a gross abuse of discretion. *See id.* The record in this case indicates no abuse of discretion. A sentence within statutory limits is generally not subject to substantive review. *United States v. Santamaria,* 788 F.2d 824, 827 (1st Cir.1986). The sentences here were well within the statutory limits for these offenses. The government points out that the defendants could in fact have been sentenced to twenty years imprisonment on *each* of the two extortion counts. *See* 18 U.S.C. § 1951. The defendants valiantly argue that the ninety-six month sentence imposed on them is much higher than the normal sentence imposed on persons convicted of extortion. But even they concede that the average

term of imprisonment for persons convicted of extortion under 18 U.S.C. § 1951 in 1985–86 was seventy-nine months. The seventeen month disparity between the defendants' sentences and the average hardly seems aberrant for offenses that the district court characterized as "particularly egregious." App. at 2102. The court stated that the defendants had "violated both the public trust of their respective positions and, in addition, their responsibility as officers of the Court by virtue of being members of the Bar. They used their talents to devise the fraudulent scheme for which they were tried and found guilty." *Id.* at 2102–03. We hold that the sentences imposed by the district court do not amount to an abuse of discretion.

The defendants also allege that the sentences were so disproportionate to the offense that they violated the Eighth Amendment. In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court held that the Eighth Amendment requires a prison sentence to be proportionate to the crime for which the defendant has been convicted. *Id.* at 289–90, 103 S.Ct. at 3009–10. Although cautioning that no prison sentence is *per se* constitutional, the Court advised reviewing courts to "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* In view of this deference, successful challenges to the proportionality of particular sentences will be " 'extremely rare.' " *Id.* at 290, 103 S.Ct. at 3009 (quoting *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980)). No lengthy analysis is necessary to conclude that this challenge does not fall into that category. Given that the defendants were lawyers in responsible public positions who received multiple convictions for a scheme of repeated kickbacks over a fifteen month period, we think it little more than frivolous to argue that a sentence of eight years in prison with the possibility of parole after less than three years is so cruel and unusual as to be unconstitutional. *See United States v.*

*Fermin Castillo,* 829 F.2d 1194, 1200 (1st Cir.1987); *United States v. Francesco,* 725 F.2d 817, 823 (1st Cir.1984).

The defendants also claim that their sentences violate (a) section 239 of the Comprehensive Crime Control Act of 1984, Pub.L. No. 473, 98th Cong., 2d Sess., tit. II, § 239, 98 Stat. 2039 (1984), and (b) 18 U.S.C. § 3553. These claims are meritless. The former provision is precatory in nature. It declares the "sense of the Senate" that in the two years preceding the enactment of the sentencing guidelines, federal judges consider the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense. Whatever legal significance this provision has is irrelevant here because, as described in greater detail *supra,* the defendants were convicted of a serious offense—defrauding the City of Providence through a scheme of illegal kickbacks.

The latter provision lists a number of factors that a federal court should consider before imposing sentence, including the fact that the sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. This provision is only applicable to offenses committed after November 1, 1987,[3] and is therefore inapplicable to the defendants, who were convicted for conduct occurring between 1979 and 1980. Even if the provision were applicable, the district court took the enumerated factors into consideration when determining the defendants' sentences. *See* App. at 2102–03.

Bucci also argues that the court erred in refusing to modify his fines pursuant to 18 U.S.C. § 3573. The government argues that the district court had no jurisdiction over this claim because § 3573 only applies to offenses committed after November 1, 1987,[4] and is therefore inapplicable to Bucci, who was convicted for offenses that occurred in 1979–80. We do not think that Bucci's pleadings should be read in such a rigid manner; the motion to modify his fine should have been considered as part of his Rule 35(b) motion to reduce sentence. We hold that there was no jurisdictional bar to consideration of this claim. Neither the district court's order nor the transcript of the hearing indicates whether the district court denied the motion on jurisdictional grounds or on the merits. We have no alternative but to remand to the district court for an analysis of the merits of this issue.

Accordingly, we reject the defendants' challenges to their terms of imprisonment, but remand this case to the district court for consideration under Rule 35(b) of the merits of Bucci's motion to reduce his fine.

### The Motion to Redesignate the Defendants' Severity Rating

The defendants argue that the district court erred in refusing to order the United States Parole Commission to recalculate their severity rating under the parole guidelines.[5] The Commission determines parole eligibility by classifying an offense according to different categories of severity. *See* 28 C.F.R. § 2.20 (1987); *Johnson v. United States,* 650 F.2d 1, 2–3 (1st Cir.1981). In this case the Commission determined that the defendants' severity rating was category 5 because they caused

---

3. *See* Pub.L. No. 473, 98th Cong., 2d Sess., tit. II, § 235(a)(1), 98 Stat.1976, 2031 (October 12, 1984); Pub.L. No. 217, 99th Cong., 1st Sess., § 4, 99 Stat. 1728, 1728 (Dec. 26, 1985); Pub.L. No. 182, 100th Cong., 1st Sess., § 2(a), 101 Stat. 1266, 1266 (Dec. 7, 1987).

4. *See supra* note 3. The government also points out that Bucci relies on a repealed version of § 3573. *See* Pub.L. No. 185, 100th Cong., 1st Sess., § 8(a), 101 Stat. 1279, 1282 (Dec. 11, 1987). Given our disposition of this issue, this supplemental point is irrelevant.

5. The defendants also claim that the district court erred in refusing to order the United States Probation Office to correct its presentence report to reflect the fact that the committed offense should be classified under category 4 rather than category 5. Because a probation officer's parole predictions are not binding on the Parole Commission and because the district court explicitly stated that it had not taken the severity factor into account during sentencing, there is nothing to be gained at this stage by amending the presentence report.

losses of more than $100,000. The defendants claim that their proper classification is under category 4, applicable to losses between $20,000 and $100,000, because the kickbacks they received totalled $77,350.

The district court correctly declined to resolve this issue on the ground that it had no power to order redesignation of the severity category. "The proper vehicle for attacking the execution of sentence, including the application of the Parole Board's Guidelines, is 28 U.S.C. § 2241." *Thompson v. United States,* 536 F.2d 459, 460 (1st Cir.1976). Motions under that provision must be brought before a district court that has jurisdiction over the prisoner or his custodian. *Id.* at 460–61. These defendants are incarcerated in Pennsylvania and Connecticut. The district court for the District of Rhode Island therefore had no jurisdiction over the defendants' motion, even if it were treated as a petition under 28 U.S.C. § 2241.

The denial of the motion to redesignate the defendants' severity rating is *affirmed.*