989 F.2d 485
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Nestor URIBE, Defendant, Appellant.
 No. 92-1981.
 United States Court of Appeals,
First Circuit.
 March 25, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Nestor Uribe on brief pro se.
 Lincoln C. Almond, United States Attorney, Margaret E. Curran and James H. Leavey, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Nestor Uribe appeals pro se from the district court's denial of his motion for modification of his sentence and motion for reconsideration. We affirm.
 
 
 2
 Appellant was convicted on January 21, 1988, of conspiracy and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). The offenses for which he was convicted occurred in August and September of 1987. Appellant filed two motions for a new trial. Both were denied by the district court. This court affirmed the denial of appellant's second motion for a new trial. See United States v. Uribe, 890 F.2d 554 (1st Cir. 1989). On July 14, 1988, appellant was sentenced to eleven years in prison and a ten-year period of supervised release.
 
 
 3
 Appellant filed two separate motions pursuant to 28 U.S.C. § 2255. The district court denied both motions. On June 15, 1992, appellant filed a Motion for Judicial Notice and Consideration of Sentencing Modification. The district court denied the motion on the grounds that it was untimely filed under Fed. R. Crim. P. 35(b). Appellant moved for reconsideration on the basis that his motion was pursuant to Fed. R. Crim. P. 35(a), which imposes no time limits on filing. The district court denied appellant's motion for reconsideration, finding that the "sentence was within the range of possible sentences provided by law." Uribe appeals from the denial of the last two motions.
 
 
 4
 Appellant's motion, if pursuant to Fed. R. Crim. P. 35(b), was untimely filed. Although former Fed. R. Crim. P. 35(a), applicable to offenses committed prior to November 1, 1987, imposes no time limits on filing, it only provides for the correction of "illegal" sentences. Appellant does not argue that his sentence is illegal within the relatively narrow meaning we have given to that term in the context of Rule 35(a). See, e.g., United States v. Ames, 743 F.2d 46, 47 (1st Cir. 1984), cert. denied, 469 U.S. 1165 (1985).
 
 
 5
 Even if we construe appellant's motion as made pursuant to 28 U.S.C. § 2255, we conclude that appellant's arguments are without merit. Appellant concedes that he was sentenced well within the statutory limits for the crimes of which he was convicted.[1] The general rule with respect to offenses committed before November 1, 1987, is that "the appellate court has no control over a sentence which is within the limits allowed by a statute." United States v. Ruiz-Garcia, 886 F.2d 474, 476 (1st Cir. 1989) (citation omitted). There is a "narrow band of exceptions" to this rule. United States v. Ponce Federal Bank, 883 F.2d 1, 5 (1st Cir. 1989). Appellant has failed to show that his sentence falls within that band of exceptions. We address his arguments below.
 
 
 6
 Appellant first argues that even though his offense was committed prior to November 1, 1987, 18 U.S.C. § 3553(b) required the district court to consider the Sentencing Guidelines in sentencing him and to explain any departure therefrom. We reject this argument. The Guidelines apply only to offenses committed after November 1, 1987. United States v. Uribe, 890 F.2d at 563. "In this pre-Guidelines case, the district court was free to disregard the Guidelines and exercise its sound discretion in formulating a condign sentence within the statutory limits." Id.
 
 
 7
 Appellant's second argument is that his sentence is "disproportionate" in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. In support of this claim, he refers to the lighter sentences received by his co-defendants. One co-defendant received concurrent seven-year terms of imprisonment and a four-year term of supervised release. The other co-defendant received concurrent nine-year terms of imprisonment and an eight-year term of supervised release. Appellant also relies upon sentencing data appended to his presentence report indicating that over a two-year period the average sentence for persons convicted of similar crimes was 71 months and the median sentence was 60 months.
 
 
 8
 The Supreme Court has held that the Eighth Amendment requires a prison sentence to be proportionate to the crime for which the defendant has been convicted. Solem v. Helm, 463 U.S. 277, 289-90 (1983). As we have previously noted, however, the Court also advised reviewing courts to give great deference to the broad authority of legislatures in determining sentencing limits and of trial courts in sentencing defendants. See United States v. Glantz, 884 F.2d 1483, 1487 (1st Cir. 1989), cert. denied, 493 U.S. 1086 (1990). "In view of this deference, successful challenges to the proportionality of particular sentences will be 'extremely rare.' " Id. (citation omitted).
 
 
 9
 "We examine the sentence with a view to whether it is grossly disproportionate, considering the seriousness of the offense in relation to the harshness of the punishment." Tart v. Massachusetts, 949 F.2d 490, 503 (1st Cir. 1991). Compared with the facts of Solem, where the defendant received a other sentence of life imprisonment for passing a bad check, the sentence received by appellant is substantially less harsh and the offense is far more serious. As we said in Tart, where no initial inference of gross disproportionality can reasonably be drawn, there is no need to compare the challenged sentence with other sentences in this or other jurisdictions. Id. n. 16.
 
 
 10
 Even if we were to engage in such a comparison, however, appellant would not prevail on his Eighth Amendment claim. The statistics attached to his PSI do not demonstrate the gross disproportionality of his sentence. There is no requirement that defendants receive a sentence equal to the average or median sentence imposed on defendants convicted of similar offenses. Moreover, that appellant's sentence exceeded the average and median sentences does not indicate that it is outside of the range of sentences imposed for the offenses of which he was convicted, or in any other respect grossly disproportionate to those offenses. Nor is the appellant entitled to precisely the same sentence as others convicted with him.
 
 
 11
 United States v. Cannistraro, 871 F.2d 1210 (3d Cir. 1989), on which appellant relies, is distinguishable. There, the court held that appellant's sentence was not disproportionate but that his "right to be sentenced on accurate and reliable information" may have been violated. The court remanded the case to the district court for resentencing if the court relied upon statistical data contained in the PSI setting forth sentences given to other fraud defendants, and if it misinterpreted the meaning of the data. There is no indication in this case that the district court misinterpreted the statistical data appended to appellant's PSI or that it relied upon that data.[2] Therefore, there is no showing that appellant's right to be sentenced on accurate and reliable information was violated.
 
 
 12
 Affirmed.
 
 
 
 [1]
 At the time of appellant's offense, possession with intent to distribute in excess of 500 grams of a mixture containing cocaine carried a minimum sentence of five years and a maximum sentence of forty years. 21 U.S.C. § 841(a)(1) and b(1)(B)(ii). The maximum term of imprisonment for the crime of conspiracy to distribute and possess with intent to distribute was also forty years. 21 U.S.C. § 846
 
 
 [2]
 The transcript of the sentencing hearing, if one exists, was not filed with the district court. Therefore, it was not available for our review. It is, of course, settled that the appellant must bear the onus of any uncertainty arising out of an incomplete record on appeal. See Real v. Hogan, 828 F.2d 58, 60 (1st Cir. 1987)