March 31, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1981

 UNITED STATES,
 Appellee,

 v.

 NESTOR URIBE,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on March 25, 1993, is
amended as follows:

 On page 5, line 16, delete the word "other."

March 25, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1981

 UNITED STATES,

 Appellee,

 v.

 NESTOR URIBE,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges.
 

 

 Nestor Uribe on brief pro se.
 
 Lincoln C. Almond, United States Attorney, Margaret E.
 
Curran and James H. Leavey, Assistant United States Attorneys, on
 
brief for appellee.

 

 

 Per Curiam. Nestor Uribe appeals pro se from the
 

district court's denial of his motion for modification of his

sentence and motion for reconsideration. We affirm.

 Appellant was convicted on January 21, 1988, of

conspiracy and possession with intent to distribute cocaine,

in violation of 21 U.S.C. 846 and 841(a)(1) and

(b)(1)(B). The offenses for which he was convicted occurred

in August and September of 1987. Appellant filed two

motions for a new trial. Both were denied by the district

court. This court affirmed the denial of appellant's second

motion for a new trial. See United States v. Uribe, 890 F.2d
 

554 (1st Cir. 1989). On July 14, 1988, appellant was

sentenced to eleven years in prison and a ten-year period of

supervised release.

 Appellant filed two separate motions pursuant to 28

U.S.C. 2255. The district court denied both motions. On

June 15, 1992, appellant filed a Motion for Judicial Notice

and Consideration of Sentencing Modification. The district

court denied the motion on the grounds that it was untimely

filed under Fed. R. Crim. P. 35(b). Appellant moved for

reconsideration on the basis that his motion was pursuant to

Fed. R. Crim. P. 35(a), which imposes no time limits on

filing. The district court denied appellant's motion for

reconsideration, finding that the "sentence was within the

 -3-

range of possible sentences provided by law." Uribe appeals

from the denial of the last two motions.

 Appellant's motion, if pursuant to Fed. R. Crim. P.

35(b), was untimely filed. Although former Fed. R. Crim. P.

35(a), applicable to offenses committed prior to November 1,

1987, imposes no time limits on filing, it only provides for

the correction of "illegal" sentences. Appellant does not

argue that his sentence is illegal within the relatively

narrow meaning we have given to that term in the context of

Rule 35(a). See, e.g., United States v. Ames, 743 F.2d 46,
 

47 (1st Cir. 1984), cert. denied, 469 U.S. 1165 (1985).
 

 Even if we construe appellant's motion as made pursuant

to 28 U.S.C. 2255, we conclude that appellant's arguments

are without merit. Appellant concedes that he was sentenced

well within the statutory limits for the crimes of which he

was convicted.1 The general rule with respect to offenses

committed before November 1, 1987, is that "the appellate

court has no control over a sentence which is within the

limits allowed by a statute." United States v. Ruiz-Garcia,
 

886 F.2d 474, 476 (1st Cir. 1989) (citation omitted). There

is a "narrow band of exceptions" to this rule. United States
 

 

1. At the time of appellant's offense, possession with
intent to distribute in excess of 500 grams of a mixture
containing cocaine carried a minimum sentence of five years
and a maximum sentence of forty years. 21 U.S.C. 841 (a)(1)
and b(1)(B)(ii). The maximum term of imprisonment for the
crime of conspiracy to distribute and possess with intent to
distribute was also forty years. 21 U.S.C. 846.

 -4-

v. Ponce Federal Bank, 883 F.2d 1, 5 (1st Cir. 1989).
 

Appellant has failed to show that his sentence falls within

that band of exceptions. We address his arguments below.

 Appellant first argues that even though his offense was

committed prior to November 1, 1987, 18 U.S.C. 3553(b)

required the district court to consider the Sentencing

Guidelines in sentencing him and to explain any departure

therefrom. We reject this argument. The Guidelines apply

only to offenses committed after November 1, 1987. United
 

States v. Uribe, 890 F.2d at 563. "In this pre-Guidelines
 

case, the district court was free to disregard the Guidelines

and exercise its sound discretion in formulating a condign

sentence within the statutory limits." Id. 
 

 Appellant's second argument is that his sentence is

"disproportionate" in violation of the Eighth Amendment's

prohibition on cruel and unusual punishment. In support of

this claim, he refers to the lighter sentences received by

his co-defendants. One co-defendant received concurrent

seven-year terms of imprisonment and a four-year term of

supervised release. The other co-defendant received

concurrent nine-year terms of imprisonment and an eight-year

term of supervised release. Appellant also relies upon

sentencing data appended to his presentence report indicating

that over a two-year period the average sentence for persons

 -5-
 5

convicted of similar crimes was 71 months and the median

sentence was 60 months.

 The Supreme Court has held that the Eighth Amendment

requires a prison sentence to be proportionate to the crime

for which the defendant has been convicted. Solem v. Helm,
 

463 U.S. 277, 289-90 (1983). As we have previously noted,

however, the Court also advised reviewing courts to give

great deference to the broad authority of legislatures in

determining sentencing limits and of trial courts in

sentencing defendants. See United States v. Glantz, 884 F.2d
 

1483, 1487 (1st Cir. 1989), cert. denied, 493 U.S. 1086
 

(1990). "In view of this deference, successful challenges to

the proportionality of particular sentences will be

'extremely rare.'" Id. (citation omitted).
 

 "We examine the sentence with a view to whether it is

grossly disproportionate, considering the seriousness of the

offense in relation to the harshness of the punishment." Tart
 

v. Massachusetts, 949 F.2d 490, 503 (1st Cir. 1991).
 

Compared with the facts of Solem, where the defendant
 

received a sentence of life imprisonment for passing a bad

check, the sentence received by appellant is substantially

less harsh and the offense is far more serious. As we said

in Tart, where no initial inference of gross
 

disproportionality can reasonably be drawn, there is no need

 -6-
 6

to compare the challenged sentence with other sentences in

this or other jurisdictions. Id. n. 16.
 

 Even if we were to engage in such a comparison, however,

appellant would not prevail on his Eighth Amendment claim.

The statistics attached to his PSI do not demonstrate the

gross disproportionality of his sentence. There is no

requirement that defendants receive a sentence equal to the

average or median sentence imposed on defendants convicted of

similar offenses. Moreover, that appellant's sentence

exceeded the average and median sentences does not indicate

that it is outside of the range of sentences imposed for the

offenses of which he was convicted, or in any other respect

grossly disproportionate to those offenses. Nor is the

appellant entitled to precisely the same sentence as others

convicted with him. 

 United States v. Cannistraro, 871 F.2d 1210 (3d Cir.
 

1989), on which appellant relies, is distinguishable. There,

the court held that appellant's sentence was not

disproportionate but that his "right to be sentenced on

accurate and reliable information" may have been violated.

The court remanded the case to the district court for

resentencing if the court relied upon statistical data
 

contained in the PSI setting forth sentences given to other

fraud defendants, and if it misinterpreted the meaning of the
 

data. There is no indication in this case that the district

 -7-
 7

court misinterpreted the statistical data appended to

appellant's PSI or that it relied upon that data.2

Therefore, there is no showing that appellant's right to be

sentenced on accurate and reliable information was violated.

 Affirmed.
 

 

2. The transcript of the sentencing hearing, if one exists,
was not filed with the district court. Therefore, it was not
available for our review. It is, of course, settled that the
appellant must bear the onus of any uncertainty arising out
of an incomplete record on appeal. See Real v. Hogan, 828
 
F.2d 58, 60 (1st Cir. 1987).

 -8-
 8