Bersch v. Warden - Dublin, CA          CV-02-389-M    09/05/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Shannon Bersch,
        Petitioner

        v.                                      Civil No. 02-389-M
                                                Opinion No. 2002 DNH 162
Michael L. Benov, Warden,
FPC - Dublin, California,
        Respondent

## O R D E R

Petitioner, a federal prisoner, previously filed an application for post-conviction relief in this court (Civil No. 02-150-M).  By order dated April 30, 2002, the court dismissed the petition without prejudice for lack of jurisdiction, noting that petitioner was either: (1) seeking to challenge a two point upward adjustment applied during sentencing under the Guidelines (for carrying a weapon during her offense of conviction); or (2) seeking to challenge the Bureau of Prisons' denial of early release under 18 U.S.C. § 3621(e), based on that weapon-carrying adjustment.[1]  A copy of that order is attached.

_____

[1]     Section 3621(e) provides that if a prisoner convicted of a nonviolent offense successfully completes a residential substance abuse treatment program, the Bureau of Prisons may reduce his or her period of custody by not more than one year.

In dismissing the petition, the court observed that if petitioner was challenging the upward Guideline adjustment, then relief was unavailable under 28 U.S.C. § 2255, because she did not raise the issue on appeal and the one year limitations period applicable to § 2255 petitions had already expired.  If, however, petitioner was challenging the execution of her sentence (i.e., the Bureau of Prisons' refusal to grant her request for early release under 18 U.S.C. § 3621), then, the court observed, she could proceed under 28 U.S.C. § 2241.  However, in that case, jurisdiction would properly lie where she is held in custody (Northern District of California) or where her custodian is present (Northern District of California, and, perhaps, the District of Columbia as well).  See, e.g., United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("We also note that a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian (unlike a § 2255 petition, which must be brought in the sentencing court).")

It appeared certain that what petitioner was really claiming was entitlement to early release under § 3621 – an entitlement her custodian refused to afford her.  Such a challenge to the

execution of her sentence is properly brought under § 2241 in the district court having jurisdiction over petitioner's custodian. Because this court lacks jurisdiction over petitioner's custodian, it dismissed the earlier filed petition, without prejudice, for want of jurisdiction.

Petitioner then filed an application for habeas relief under 28 U.S.C. § 2241 in the Northern District of California, plainly challenging the execution of her sentence - that is, the Bureau of Prisons' view that she is "ineligib[le] for [early release under] 18 U.S.C. § 3621(e)(2)(B) based on weapon enhancement." Petition for Habeas Corpus at 4. However, by order dated July 31, 2002, the District Court for the Northern District of California transferred that petition to this court, suggesting that under 28 U.S.C. § 2241(d) (which is applicable only to persons held in custody pursuant to a state conviction), jurisdiction over her § 2241 petition was proper in either the place of her custody, or, "in the district of conviction," i.e., the District of New Hampshire. Thus, it appears that the transferring court may have mistakenly thought petitioner was

3

held in state custody. She is not; petitioner is held in custody pursuant to a federal conviction.

Because petitioner's current application for habeas corpus relief is filed pursuant to 28 U.S.C. § 2241 (see Petition for Habeas Corpus at 1), and because she seeks to challenge the execution of her sentence (rather than actual sentenced imposed), jurisdiction over her petition lies in the Northern District of California (and perhaps in the District of Columbia), but not in the District of New Hampshire. The transfer to this court was improvident as this court is without jurisdiction, and jurisdiction cannot be conferred by the transfer order. See generally, Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); United States v. Pararas-Carayannis, 238 F.3d 432, 2000 WL 1350583 (9th Cir. 2000) (table opinion); United States v. DiRusso, 535 F.2d 673 (1st Cir. 1976); United States v. Barrett, 178 F.3d 34 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); United States v. Glantz, 884 F.2d 1483 (1st Cir. 1989).

Accordingly, this court has no alternative but to remand this case to the Northern District of California, where jurisdiction properly lies.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 5, 2002

cc:  Shannon Bersch, pro se