Luis Hiram Ortiz CAMERON,
Petitioner

v.

UNITED STATES of America,
et al., Respondents.

Civil No. 06–1930 (JAG).

United States District Court,
D. Puerto Rico.

Aug. 3, 2007.

Luis Hiram Ortiz–Cameron, Yazoo City, MI, pro se.

Nelson J. Perez–Sosa, United States Attorney's Office, Rebecca Vargas–Vera, United States Attorney's Office, San Juan, PR. for Respondents.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion to Dismiss filed by respondent Bureau of Prisons (hereafter "BOP") and an answer

filed by petitioner Luis Hiram Ortiz Cameron (hereafter "petitioner"). Petitioner filed a complaint *pro se,* naming the United States of America, the United States Probation Office, BOP and petitioner's prior defense counsel as respondents and seeking a court order for BOP to amend the use of the term "fugitive" in his pre-sentence investigation report. Petitioner served only the BOP with summons for this action. BOP moved to dismiss petitioner's complaint under 12(b)(1) and 12(b)(6), contending that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted. The matter was referred to United States Magistrate–Judge Camille L. Velez–Rive for Report and Recommendation. Magistrate–Judge Velez–Rive indulged the *pro se* petitioner by applying the Fed.R.Civ.P. 8 standards leniently. She then construed the complaint as being argued upon two legal theories. First, a 28 U.S.C. 2241 habeas corpus action, and second, an action to correct petitioner's pre-sentence investigation report under Fed.R.Crim.P. 32. The Magistrate–Judge issued a Report and Recommendation concluding that the complaint fails under either theory.

Petitioner timely objected to the Report and Recommendation. However, petitioner makes no specific objections regarding BOP's motion to dismiss, nor to the Magistrate–Judge's treatment of other issues. Instead, petitioner prays for the opportunity to amend the complaint and serve process on the other defendants. In light of petitioner's stance as a *pro se* party, the Court will nonetheless exercise *de novo* review of the Report and Recommendation.

## FACTUAL BACKGROUND

Petitioner was convicted by jury trial of conspiracy to distribute controlled substances on September 10, 1990. Petitioner alleges that page 4, paragraph 1 of the pre-sentence investigation report notes that petitioner remained a "fugitive" after a warrant was issued for his arrest. (Docket No. 1 at 2). On March 15, 1991, petitioner was sentenced in the United States District Court for the District of Puerto Rico to a term of 300 months and is currently serving his sentence in Yazoo City, Mississippi. (Docket No. 1 at 11).

On March 31, 2004, plaintiff's case manager, M. Figueroa, filed a request to the Regional Office stating that plaintiff was scored as a minimum security level inmate and an out-custody candidate. (Docket No. 1 at 25). Warden M. Pettiford denied both a primary request for transfer and subsequent request for administrative remedy on the basis of plaintiff's "fugitive" status noted on his pre-sentence investigation report. (Docket No. 1 at 29). After petitioner allegedly exhausted administrative remedies on September 19, 2006, he filed the instant complaint *pro se.*

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation.*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a de *novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez*

*v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

**B.** *Petitioner's objections to the Report and Recommendation.*

Petitioner does not object to the Magistrate–Judge's Report and Recommendation but rather argues that a ruling based solely on BOP's response should not preclude all relief against other defendants.[1] Because the petitioner filed *pro se*, the Court looks to the Fed.R.Civ.P. Rule 72 standards leniently and reviews the Magistrate–Judges Report and Recommendation in its totality.

**C.** *Motion to dismiss for lack of subject matter jurisdiction.*

■ Petitioner seeks an order from the Court compelling BOP to discontinue the use of information in a pre-sentence investigation report. Petitioner contends that the use of the word "fugitive" in said report determines his custody and security classification. The Magistrate–Judge has properly reviewed this complaint as a Habeas Corpus petition under 28 U.S.C. § 2241. "The proper vehicle for attacking the execution of sentence, including the application of guidelines established by the Parole Board, is 28 U.S.C. § 2241." *U.S.*

*v. DiRusso* 535 F.2d 673 (1st Cir.1976). Under this analysis, the Magistrate–Judge correctly decided that this court lacks subject matter jurisdiction to entertain this case.

■ As stated in the Report and Recommendation, "[u]nder § 2241 motions must be brought before a district court which has jurisdiction over the prisoner or his custodian." *United States v. Glantz*, 884 F.2d 1483, 1489 (1st Cir.1989). The court in *Glantz* held that regardless of the situs of the original trial, or the incarcerated party's original state of citizenship, it is the courts of the state of defendant/petitioner's incarceration that may exercise jurisdiction over a 28 U.S.C § 2241 action. *See also Thompson v. United States*, 536 F.2d 459, 460 (1st Cir.1976).

■ In the present case, Petitioner is currently serving sentence in Yazoo City, Mississippi. (Docket No. 1 at 1). He attempts to seek legal redress regarding an issue of his present confinement in FCI Yazoo City. "[The] longstanding federal-court practice confirms that, in 'core' habeas challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 428, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Accordingly, this Court lacks subject matter jurisdiction over the instant case and **GRANTS** BOP's motion to dismiss.[2]

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommenda-

---

1. While the Court makes exception for the *pro se* petitioner's objections to the Magistrate–Judges Report and Recommendation (and provides a review), the Court does not find merit in petitioner's arguments that *pro se* filing is grounds for failure to comply with Rule 4 of the Fed.R.Civ.P. requirements for service of process.

2. Given that dismissal for lack of subject matter jurisdiction disposes of the entire case, petitioner's arguments under Fed.R.Crim.P. 32 need not be addressed. Accordingly, the Court passes no judgment on these issues.

tion. This court lacks jurisdiction to hear the petitioner's claims and hereby **GRANTS** BOP's motion to dismiss and **DENIES** petitioner's request for amendment of the pre-sentence report. Judgment shall be entered accordingly.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On September 19, 2006, above petitioner Luis Hiram Ortiz Cameron ("Ortiz Cameron") filed a complaint under 28 U.S.C. § 2241 naming the United States of America, the United States Probation Office, the Bureau of Prisons ("BOP") and his defense counsel as respondents seeking an Order from the Court directing the BOP to discontinue the use of information contained in the pre-sentence report that petitioner Ortíz Cameron remained a fugitive until he was apprehended.[1] Petitioner herein attempts to delete and/or amend the mention of fugitive status in the pre-sentence report which he states has been detrimental in his custody classification and/or custodial benefits as an inmate while serving a sentence within the BOP. (Docket No. 1).

The BOP, as a respondent in this case, filed a Motion to Dismiss claiming this Court has no subject matter jurisdiction and the complaint fails to state a claim upon which relief may be granted. (Docket No. 2). Petitioner filed an Answer to above Motion to Dismiss. (Docket No. 8). The Court referred these motions to this Magistrate Judge for report and recommendation (Dockets Nos. 6, 7).

### PROCEDURAL BACKGROUND

The BOP submits dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) is appropriate for there is no subject matter jurisdiction and no claim upon which relief can be granted.[2] It is the BOP's contention that allegations in the complaint are not as to the BOP, rather might be against the United States Probation Office and petitioner's former defense counsel. Petitioner has failed to serve summons and complaint on the United States Attorney General. Nonetheless, the service was made on the United States Attorney's Office on September 15, 2006.[3] As such, the

---

1. The objected wording of the pre-sentence report states as follows: "On November 3, 1989, a warrant was issued for the defendant's arrest. He remained a fugitive until apprehended on March 22, 1990. He has been in custody without bail since his arrest." See Criminal No. 88–253(JP).

2. Fed.R.Civ.P. 12(b)(1) and (b)(6) provide:

   . . .

   "(b)How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue,

(4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief may be granted, (7) failure to join party under Rule 19."

3. The *pro-se* complaint and the affidavit initially filed provided sufficient information as to all named defendants therein, that is, the United States of America, the Probation Office, the BOP and defense attorney. The names and proper addresses of these defendants were easily ascertained from the certificate of service dated September 12, 2006 and the documents filed with the Court. Thus, since the remaining federal defendants are yet to be served with the complaint and summons, petitioner may have a pending a cause of action and the complaint is not necessarily subject to dismissal for petitioner's failure to plead a cause of action as to which relief may be granted as to those other co-defendants.

BOP avers the Court lacks jurisdiction and the Court should dismiss the complaint.

Petitioner filed an opposition to above request for dismissal because of the prejudicial effect suffered from the BOP's actions in denying a change of custody classification based on the fugitive status mentioned in the pre-sentence report. Petitioner Ortíz Cameron states he has exhausted administrative process available and the BOP has not made any claim to the contrary. Informal requests to the Probation Office to correct the pre-sentence report were fruitless upon indicating that, after duly filed for sentence purposes, the pre-sentence investigation report may not be altered, amended or modified.

Petitioner Ortíz Cameron further claims in his Opposition that he has filed two documents with the Court in this case, to wit, a Fed.R.Crim.P. 32 motion to correct the pre-sentence report, and the complaint herein pursuant to 28 U.S.C. § 2241 at issue which names the BOP, the Probation Office, the United States and his former counsel as responsible for the incorrectness and consequences thereof in the pre-sentence report. Petitioner Ortíz Cameron's averments as sustained by the record before this Court and under a motion to dismiss standard oblige all reasonable inferences and the well pleaded facts to be taken in favor of the nonmoving party, herein petitioner.

## MOTION TO DISMISS STANDARD

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in petitioners' favor. *Soto Negrón v. Taber Partners I,* 339 F.3d 35, 36 (1st Cir.2003); *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, petitioner must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in petitioners' favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must limit its focus to the allegations of the complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim...." *Id.; see Doyle,* 103 F.3d at 190.

In *Rogan v. Menino,* 175 F.3d 75 (1st Cir.1999) the Court held that a dismissal for failure to state a claim can only be upheld if, after giving credence to all well pleaded facts and making all reasonable inferences in the petitioner's favor, the factual averments do not justify recovery on some theory asserted in the complaint. *Id.* at 77. With this standard in mind, all of the facts alleged in the complaint are thus accepted as true. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).

## LEGAL DISCUSSION

### A. Habeas Petition (28 U.S.C. § 2241).

Petitioner in this case seeks an Order from the Court directing the BOP to discontinue the use of information pertaining to his alleged "fugitive status" contained in the pre-sentence report, which allegedly affects his custody and security classification within the BOP. Accordingly, petitioner is challenging the manner in which his

sentence is being executed. This challenge should be brought through a petition for habeas corpus under 28 U.S.C. § 2241. *United States v. Barrett*, 178 F.3d 34, 50 n. 10 (1st Cir.1999) (quoting *United States v. DiRusso*, 535 F.2d 673, 674–76 (1 st Cir. 1976)) ("Section 2255 ... does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence.... The proper vehicle for attacking the execution of sentence ... is 28 U.S.C. § 2241.")

Execution of a sentence has been found to include matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. The Supreme Court has indicated that "unlawful[ ] confine[ment] in the wrong institution" falls within the ambit of Section 2241 habeas corpus relief, because it concerns the unlawful imposition of physical restraint. *See Preiser v. Rodríguez*, 411 U.S. 475, 486, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Similarly, several circuit courts have also included the location of confinement within § 2241 jurisdiction. *See Hernández v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991) (challenges to the place of imprisonment, and not to the fact of federal conviction, are properly brought under § 2241); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (finding that the aspects of a prisoner's habeas petition "focusing on where his sentence will be served, seems to fit better under the rubric of § 2241," and analyzing the petition under that statute).

A perusal of the complaint in this case does not specifically show that it was filed under 28 U.S.C. § 2241. (Docket No. 1). Nonetheless, we will consider petitioner's complaint as a § 2241 petition due to the fact that petitioner post-conviction claim is challenging the manner in which his sentence is being executed.

■ Under § 2241, motions must be brought before a district court which has jurisdiction over the prisoner or his custodian. *See United States v. Glantz*, 884 F.2d 1483, 1489 (1st Cir.1989); *Thompson v. United States*, 536 F.2d 459, 460–61 (1stCir.1976). Thus, under Section 2241 a district court has jurisdiction to hear petitioners' habeas challenges which authorizes district courts, **"within their respective jurisdictions,"** to entertain habeas applications by persons claiming to be held "in custody in violation of the ... laws ... of the United States," §§ 2241(a), (c)(3). *See Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686, 2688, 159 L.Ed.2d 548 (2004); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 428, 124 S.Ct. 2711, 2714, 159 L.Ed.2d 513 (2004) (stating the habeas statute's "respective jurisdictions" proviso forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241 and together compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: **Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement**). (Emphasis supplied).

Petitioner Ortíz Cameron is incarcerated by the BOP in Mississippi, Yazoo City. Pursuant to the case law above cited, a petition under § 2241 should be filed by petitioner in said district, including his

warden as a respondent. Accordingly, this Court lacks subject matter jurisdiction and it is recommended that the BOP's Motion to Dismiss be **GRANTED.**

### B. Fed.R.Crim.P. 32.

Our inquiry could end here.[4] Nonetheless, petitioner argues in his Opposition to the Motion to Dismiss that, under Rule 32 of the Fed.R.Crim.P., the Court should order the Probation Office to correct the pre-sentence report to eliminate reference to his alleged "fugitive" status. This argument was originally raised by petitioner Ortíz Cameron in a separate document, submitted along with his habeas corpus petition. Thus, we address this argument briefly.

"All that is required by Rule 32(a)(1)(A) is that the court determine that the defendant and his/her counsel have had the opportunity to read and discuss the report." *United States v. Serino,* 835 F.2d 924, 931 (1st Cir.1987). The record in this case shows the District Court made such a determination at the time of sentencing. Therefore, there was no violation of Rule 32(a)(1)(A).

Under Rule 32(c)(3)(D) it is required that if defendant alleges any factual inaccuracies in the pre-sentence report, "the court shall, as to each matter controverted, make (I) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D).

The record herein does not show a Rule 32(c)(3)(D) violation of failing to give defendant an opportunity to contest factual inaccuracies in his pre-sentence report. Rather, petitioner herein now claims his defense counsel was inefficient in not submitting such an amendment although having disclosed the content of the pre-sentence report in a timely fashion.

The sentencing court in this district did not consider the alleged fugitive status for imposition of sentence. It is the BOP, in classifying the inmate thereafter, which has resulted in some alleged detrimental use of this information. Accordingly, petitioner's request under Rule 32 is without merit.

In a similar trend, in *United States v. Gattas,* 862 F.2d 1432, 1433, 1434 & n. 4 (10th Cir.1988), a Section 2255 relief was made available for Rule 32(c)(3)(D) violations where the failure to comply with the rule was not discovered until after the time for direct appeal and for a Rule 35 motion had expired. *See Isabel v. United States,* 980 F.2d 60, 66 (1st Cir.1992). However, herein petitioner Ortíz Cameron has already filed and a mandate has been issued denying the certificate of appealability, for which he is now late in submitting a second or successive § 2255 petition as to this or any subsequent issue that could be collaterally impeached, including his claim that counsel was ineffective for not rectifying the information in the pre-sentence report.[5] The correction herein requested by petitioner dates back to the time of sentence in the year 1991 in Criminal No. 88–253(JP) and it is reasonable to conclude that an inordinate amount of time has elapsed.[6]

---

**4.** The BOP's Motion to Dismiss (Docket No. 3) does not address petitioner's request under Fed.R.Crim.P.

**5.** The available criminal docket as to petitioner Ortíz Cameron shows he had filed a petition addressing the illegality of the sentence imposed in Criminal No. 88–253 (Docket Nos.

2732, 2733). His prior request for relief under § 2255 and the certificate of appealability were denied. Civil 06–1930(JAG).

**6.** The correction requested to be made in the pre-sentence report is to be made by the Probation Office who authored the pre-sentence report. The record shows petitioner has not

In view of the foregoing, we recommend that petitioner's request for an amendment of the pre-sentence report under Fed. R.Crim.P. 32 be **DENIED.**

## CONCLUSION

In view of the above discussed, it is recommended that defendant BOP's Motion to Dismiss (Docket No. 2) be **GRANTED.** It is also recommended that petitioner's request for an amendment of the pre-sentence report under Fed.R.Crim.P. be **DENIED.**

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

properly served the Probation Office and, as such, said office has not appeared in this case.