**Carlos CRUZ–TORO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 08–1603 (FAB).**

United States District Court, D. Puerto Rico.

July 20, 2009.

Carlos Cruz–Toro, Coleman, FL, pro se.

Nelson J. Perez–Sosa, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Respondent.

### MEMORANDUM AND ORDER DENYING CERTIFICATE OF APPEALABILITY[1]

BESOSA, District Judge.

■ A final order pursuant to 28 U.S.C. § 2255 is subject to appeal only if a circuit or district court judge issues a certificate of appealability. 28 U.S.C. § 2253. The petitioner bears the burden of making a "substantial showing of denial of a constitutional right." *Id.* at (c)(2). This standard is satisfied when the petitioner can prove that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (*citing Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

■ After the requisite but limited threshold inquiry into underlying merits of the claim, *see Miller–El,* 537 U.S. at 327, 123 S.Ct. 1029, this Court finds that petitioner, Carlos Cruz–Toro ("Cruz–Toro"), has failed to show the denial of any constitutional right. Boiled down, Cruz–Toro's motion alleges that the sentence imposed, three hundred months, constituted a breach of his plea agreement, which included a recommendation of one hundred fifty-one months. He appears to argue that a court's decision not to accept the recommended sentence contained in a plea agreement constitutes a constitutional violation. This, however, is not the rule. Trial judges are under no obligation to accept plea agreements; they have the right to decide "what factors, or mix of factors carry the day." *United States v. Ponce*

*Federal Bank, F.S.B.,* 883 F.2d 1, 2 (1st Cir.1989) (*quoting United States v. Foss,* 501 F.2d 522, 528 (1st Cir.1974)); *see* Fed. R.Crim.P. 11. At the Rule 11 proceedings, Cruz–Toro indicated that he was satisfied with his counsel and signed the plea agreement after being informed that it was only a recommendation. (Docket No. 41, at 6–7) Contrary to Cruz–Toro's allegations, there is no evidence in the record that his counsel was ineffective, that the plea agreement was breached, or that the plea agreement was involuntary. "That the sentence imposed was harsher than the prosecutor had recommended, and stiffer than defendant had hoped, is of no legal consequence." *Ponce Federal Bank, F.S.B.,* 883 F.2d at 2.

For the foregoing reasons, the Court **DENIES** Cruz–Toro's Motion for a Certificate of Appealability. (Docket No. 14)

**IT IS SO ORDERED.**

---

1. Whitney L. Meier, a second-year student at Georgetown University Law Center assisted in the preparation of this order.